HEARD APRIL TERM, 1878.

## MASON *vs.* WINSMITH.

A creditor of a decedent cannot maintain an action against one who is in possession of assets of the estate of such decedent where he has no lien upon such assets and no right to establish a lien in the action brought by him. His remedy is by action against the executor or administrator of the decedent.

BEFORE MACKEY, J., AT SPARTANBURG, OCTOBER TERM, 1877.

Action by Stephen D. Mason, administrator of James Mason, deceased, against John Winsmith.

The case was as follows:

The complaint alleged that the plaintiff was the administrator with the will annexed of James Mason, deceased; that on the 22d of January, 1864, Cassandra Barnett, since deceased, gave to the plaintiff, as administrator as aforesaid, her sealed note for $600; that after said note was given Cassandra Barnett died, leaving a last will and testament, of which she appointed her son, M. F. Barnett, the executor; that the said M. F. Barnett duly qualified as such executor; that the plaintiff sued the said M. F. Barnett,

executor as aforesaid, upon the said sealed note, and on the 9th day of May, 1870, recovered judgment thereon for $600, besides costs; that execution was duly issued on said judgment, and afterwards returned *nulla bona* by the Sheriff; that Cassandra Barnett was entitled at the time of her death to an undivided interest in the real estate of her deceased husband, Jorial Barnett; that proceedings were taken in the Circuit Court for partition of the real estate of the said Jorial Barnett, deceased, between his heirs-at-law and distributees, who were also heirs-at-law and distributees of Cassandra Barnett, then also deceased; that under said proceedings the said real estate was sold by the Sheriff, and on the 29th of July, 1875, a decree was made that the share of the said Cassandra Barnett in the proceeds of such sale be distributed equally amongst her heirs or their assignees; that the defendant was the assignee of two of said heirs; that he well knew of the indebtedness aforesaid of the said Cassandra Barnett to the plaintiff, but, nevertheless, did, on November 2d, 1875, receive from the Sheriff $360 of the proceeds of said sale under the said assignments to him by two of the distributees of the said Cassandra Barnett, deceased.

The complaint demanded judgment for the said sum of $360, besides interest and costs.

The defendant demurred to the complaint, and also put in an answer denying all the allegations thereof. The demurrer was on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The case was first heard on the demurrer, which His Honor overruled; it was then heard on the issues raised by the answer and a verdict found for the plaintiff.

The defendant appealed upon the ground, *inter alia*, that His Honor erred in overruling the demurrer.

*Duncan & Cleveland,* for appellant.

*Evins & Bomar, Thomson,* contra.

November 23, 1878. The opinion of the Court was delivered by

WILLARD, C. J. The plaintiff sues as administrator of a creditor of Cassandra Barnett and seeks to trace assets of the estate of Cassandra into the hands of the defendant, who, after the death of Cassandra, claiming to be the assignee of her distributees, got into

possession of part of the assets of her estate. Plaintiff sets up a judgment recovered against M. F. Barnett, the executor of Cassandra, and an execution on such judgment returned *nulla bona*. The assets of Cassandra in question consisted of an undivided interest in the lands of which her husband died seized. These assets were not realized by Cassandra during her lifetime, but after her decease partition proceedings were instituted among the distributees of the estate of her husband, and the lands were sold for partition. The defendant, claiming to be the assignee of distributees of Cassandra obtained an order in the partition proceedings for the payment to him of the distributable share of his assignor, and an amount was paid to himself by the Sheriff in conformity with such order.

One of the questions presented by the appeal raised by the demurrer of the defendant to the complaint is the sufficiency of the cause of action set forth. It is necessary to consider whether the plaintiff has any title to follow the assets of Cassandra. He must make it to appear either that he has a lien on such assets or that he is entitled to establish such a lien in this action. That he has not a lien is apparent. He had no judgment at the death of Cassandra, and her estate passed into the hands of her executor without any charge in behalf of the plaintiff or his intestate that could prevent the disposition by her executor of the assets of her estate in the due and orderly course of administration. The law determined all priorities as it regarded the distribution of her estate. The judgment against her executor could not establish a priority of lien as affecting the assets in his hands; it bound the executor, but could not affect parties that had prior demands against such assets. Its effect upon the assets was to reach to such as were by law disposable to the class of creditors to which the plaintiff belonged, viz., simple contract creditors. It is clear that under the judgment against the executor the plaintiff acquired the absolute right to go upon any and every part of the assets for the satisfaction of his judgment. As it regards the executor he was bound by such judgment to the extent of making him personally responsible to an amount equal to the judgment, on the ground that to that extent between the plaintiff in such judgment and the executor the existence of such available assets had been judicially established. The effect of this was to bind the executor personally in respect of assets, but not to bind the actual assets so as to divert them from the due course of administration.

It must be concluded that no existing lien on the assets of Cassandra is shown to exist in favor of the plaintiff. The question then arises, can the plaintiff obtain such lien by a judgment in this action? The executor of Cassandra is not made a party. If any one is entitled to follow the assets of Cassandra into the hands of a distributee or of one claiming under a distributee, it is the executor of Cassandra. Certainly a creditor without a specific lien cannot exercise such right. As the executor is not a party, and the other creditors of Cassandra, if there are any, are not made parties, it is difficult to see how the plaintiff can establish a preference to be paid out of the assets. Yet unless such a preference is established the executor is entitled to hold the assets for distribution in the due and ordinary course, subject to the lien and priorities existing by law at the death of Cassandra. What might be the effect of joining the executor as it regards the other questions raised need not be considered, as no such fact exists. We must conclude that the plaintiff has no legal or equitable right to go against the assets of Cassandra in the hands of persons other than the executors.

*McIver*, A. J., and *Haskell*, A. J., concurred.